**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 98-30444**
_____

**RODNEY SMITH,**

**Petitioner-Appellant,**

**versus**

**KELLY WARD, Warden, Wade Correctional**
**Center; RICHARD IEYOUB, Attorney General,**
**State of Louisiana,**

**Respondents-Appellees.**

_____

**Appeal from the United States District Court**
**for the Eastern District of Louisiana**

_____
April 7, 2000

Before POLITZ, JOLLY, and BARKSDALE, Circuit Judges.

RHESA HAWKINS BARKSDALE, Circuit Judge:

Rodney Smith's federal habeas application having been dismissed as untimely under 28 U.S.C. § 2244(d)(1)(A), at issue is whether his state habeas application, denied as time-barred pursuant to LA. CODE CRIM. P. art. 930.8, was "properly filed", within the meaning of § 2244(d)(2), so that the period for filing his federal application was tolled. We **VACATE** and **REMAND**.

I.

In 1988, convicted by a Louisiana jury for possession of stolen things, Smith was sentenced to two years probation. He pleaded guilty in 1990 to three armed robberies, and was sentenced to two concurrent 24-year terms of imprisonment and one concurrent 18-year term of imprisonment. In addition, his probation was

revoked; he was ordered to serve a two-year term of imprisonment consecutive to the 18-year armed robbery sentence.

In May 1996, Smith filed a state application for post-conviction relief, challenging the 1988 conviction. The petition was denied as time-barred by the state trial court. Smith's appeal was rejected by the intermediate appellate court, and, in October 1997, the Louisiana Supreme Court denied his application for a writ of review. *State ex rel. Smith v. State*, 703 So. 2d 600 (La. 1997) (citing LA. CODE CRIM. P. art. 930.8).

In January 1998, pursuant to 28 U.S.C. § 2254, Smith filed his federal habeas application, challenging the 1988 conviction.[1] The magistrate judge recommended dismissal as time-barred under 28 U.S.C. § 2244(d)(1). The district court overruled Smith's objections, adopted the findings and recommendation, and dismissed the application. It granted a certificate of appealability (COA) on whether Smith timely filed his federal application. *See* 28 U.S.C. § 2253 (habeas claim *cannot* be reviewed on appeal unless circuit justice or judge granted a COA for that claim).

## II.

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA), established a one-year limitation period for state prisoners to file federal habeas applications. 28 U.S.C. § 2244(d)(1). And, pursuant to § 2244(d)(2), *not* counted toward that one-year period is the period

---

[1]Smith signed the application on 5 December 1997. It was filed in the Middle District of Louisiana on 6 January 1998, and transferred to the Eastern District by order dated 9 January 1998.

during which a "properly filed" state habeas application regarding the same conviction and sentence is pending. *See* 28 U.S.C. § 2244(d)(2).

Federal habeas applicants, such as Smith, whose convictions became final prior to AEDPA's 24 April 1996 enactment, had until 24 April 1997 to file a federal habeas application. *See* ***Flanagan v. Johnson***, 154 F.3d 196, 200-02 (5th Cir. 1998). For such applicants, the § 2244(d)(2) tolling provision is applicable to this one-year period for filing following AEDPA's effective date. *See* ***Fields v. Johnson***, 159 F.3d 914, 916 (5th Cir. 1998).

Smith's state application was pending from 23 May 1996 through 10 October 1997. If the time during which it was pending triggers the § 2244(d)(2) tolling provision, then Smith's federal application, filed in January 1998, would be timely under § 2244(d)(1), as interpreted by our precedent.

The district court held, however, that, because the state application was held time-barred under state law, it had *not* been "properly filed" for § 2244(d)(2) purposes, and thus did *not* toll the AEDPA one-year limitation period.

Subsequent to the district court's decision, our court interpreted § 2244(d)(2) in ***Villegas v. Johnson***, 184 F.3d 467 (5th Cir. 1999), and held that, for § 2244(d)(2) purposes, and "based on principles of statutory construction and concerns regarding comity and exhaustion", a state habeas application is "properly filed" when it "conforms with a state's applicable procedural filing requirements". *Id.* at 470. The court explained: "By procedural

filing requirements, we mean those prerequisites that must be satisfied before a state court will allow a petition to be filed and accorded *some level* of judicial review".  *Id*. at 470 n.2 (emphasis added).

Applying that rule, the ***Villegas*** court, ***id.*** at 473, determined that a Texas prisoner's state habeas application was properly filed within the meaning of § 2244(d)(2), even though it had been dismissed pursuant to TEX. CODE CRIM. P. ANN. art. 11.07, § 4.  That provision precludes consideration of a successive habeas application unless it contains specific facts establishing that the factual or legal basis for the claim was unavailable when the previous application was filed, or that, "but for a violation of the United States Constitution no rational juror could have found the applicant guilty beyond a reasonable doubt".  TEX. CODE CRIM. P. ANN. art. 11.07, § 4(a)(2) (West Supp. 2000).

Our court observed in ***Villegas*** that, although a Texas state court "will not automatically consider the merits of claims raised in a successive petition, it will accept the petition for filing and review the application to determine whether the statutory exceptions are met"; and, "[i]f the successive petition does not fit within an exception, the state court will dismiss it".  *See* ***Villegas***, 185 F.3d at 472 n.4.  Our court concluded that, instead of imposing an absolute bar to filing a successive application, article 11.07, § 4, merely discourages them by limiting the availability of relief; and, as such, it is *not* a "procedural filing requirement" which would render an application improperly

4

filed for § 2244(d)(2) purposes. *See **Villegas***, 185 F.3d at 472 n.4.

Smith's state application was dismissed as time-barred, pursuant to LA. CODE CRIM. P. art. 930.8A (West 1997), which imposed a three-year limit for filing such applications.[2] Article 930.8A allows a Louisiana state court to consider the merits of a prisoner's untimely application if, *inter alia*, "[t]he application alleges, and the petitioner proves or the state admits, that the facts upon which the claim is predicated were not known to the petitioner or his attorney", or the application raises a claim that is "based upon a final ruling of an appellate court establishing a theretofore unknown interpretation of constitutional law and petitioner establishes that this interpretation is retroactively applicable to his case, and the petition is filed within one year of the finality of such ruling". *See* LA. CODE CRIM. P. art. 930.8A(1) and (2).

On its face, article 930.8A is arguably a time-based procedural filing requirement of the sort which, under ***Villegas***, would render an application dismissed on that basis as having been *not* "properly filed". *See **Villegas***, 184 F.3d at 469 ("a properly filed application is one submitted according to the state's procedural requirements, such as the rules governing ... the *time* and place of filing" (emphasis added; internal quotation marks and citation omitted)). On the other hand, article 930.8A, like the

---

[2]In 1999, the filing period for such applications was reduced to two years. *See* LA. CODE CRIM. P. art. 930.8A (West Supp. 2000).

Texas successive writ statute at issue in *Villegas*, does *not* impose an absolute bar to filing; instead, it limits the state court's ability to grant relief.

Under article 930.8A, Louisiana courts will accept a prisoner's application for filing and review it to determine whether any of the statutory exceptions to untimely filing are applicable. If the untimely application does *not* fit within an exception, the state court will dismiss it. *See* **State v. Parker**, 711 So. 2d 694, 695 (La. 1998) (denying untimely application for post-conviction relief because statutory exceptions inapplicable).

Because the procedure established by article 930.8A is virtually identical to that under TEX. CODE CRIM. P. art. 11.07, § 4, we conclude that, consistent with **Villegas**, Smith's state application, although ultimately determined by the state court to be time-barred, nevertheless was "properly filed" within the meaning of § 2244(d)(2). Accordingly, the one-year period for seeking federal habeas relief was tolled during the pendency of that state application, making timely the federal application filed in January 1998.

### III.

For the foregoing reasons, the judgment is **VACATED**, and the case is **REMANDED** for further proceedings.

*VACATED and REMANDED*

6