IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 98-31309
Summary Calendar
_____

BRENT WASHINGTON,

Petitioner-Appellant,

versus

BURL CAIN, Warden,
Louisiana State Penitentiary,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 98-CV-584-H
_____

May 3, 2000

Before POLITZ, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Brent Washington, Louisiana prisoner # 102790, appeals the dismissal of his

habeas corpus application as time-barred by the one-year statute of limitations in 28

U.S.C. § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act

of 1996. He contends that the district court erred in determining that his second

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

state application for post-conviction relief, which the Louisiana Supreme Court dismissed as untimely and repetitive, was not "properly filed" as that term is used in § 2244(d)(2), and that, as a consequence, the pendency of the application did not toll the limitations period.

Our recent opinions in <u>Villegas v. Johnson</u>[2] and <u>Smith v. Ward</u>[3] reflect that Washington's second state application for post-conviction relief was, in fact, properly filed for purposes of § 2244(d) and tolled the 28 U.S.C. § 2244(d) limitations period. With this tolling, Washington's federal habeas application is timely. The judgment dismissing his § 2254 application as time-barred therefore is VACATED, and the case is REMANDED for further proceedings consistent herewith.

---

[2] 184 F.3d 467 (5th Cir. 1999)

[3] __ F.3d __, (5th Cir. April 7, 2000, No. 98-30444), 2000 WL 358294 at *2-3