O R D E R
No. 99-31314
- 1 -

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-31314
USDC No. 99-CV-235
_____

VINCENT J. BENJAMIN,

                                        Petitioner-Appellant,

versus

BURL CAIN, Warden, Louisiana State Penitentiary,

                                        Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
--------------------
May 16, 2000

Before SMITH, BARKSDALE, and PARKER, Circuit Judges.

PER CURIAM:[*]

On February 3, 1999,[2] Vincent J. Benjamin (#119629), a Louisiana state prisoner, filed an application for a writ of habeas corpus in the federal district court challenging his 1990 convictions for aggravated rape and armed robbery. Benjamin's convictions were affirmed on October 2, 1991, and Smith did not apply to the state supreme court for discretionary review.

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[2] This is the date when the document was received by the district court. Because it is unclear when the document was submitted to prison authorities for mailing, the actual "filing" date would presumably be some date earlier than this date. See Houston v. Lack, 487 U.S. 266, 270 (1988).

On June 6, 1996, Benjamin filed his application for post conviction relief in the state district court.  The application was denied as untimely, on November 21, 1996, under La. Code Crim. P. art. 930.8.  Benjamin filed his application for a writ of certiorari in the state appellate court on May 6, 1997.  The application was denied on February 2, 1998.  Benjamin's application for rehearing was denied on March 24, 1998.  Benjamin applied to the state supreme court for supervisory and/or remedial writs.[3]  The writ application was denied on November 25, 1998.

The magistrate judge recommended that the federal habeas application be dismissed as time-barred under 28 U.S.C. § 2244(d).  The district court overruled Benjamin's objections to the report and recommendation, adopted the findings and conclusions of the magistrate judge, and entered judgment dismissing the application.  Benjamin appealed and has applied to this court for a COA.

Before Benjamin may proceed with his appeal, he must obtain a COA from a judge of this court.  28 U.S.C. § 2253(c)(1)(A).  COA will be granted only if Benjamin makes a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); see Drinkard v. Johnson, 97 F.3d 751, 754-56 (5th Cir. 1996).  When the underlying issue is not of constitutional dimension, the applicant must first make a credible showing that the district court erred in denying habeas relief before this court will

---

[3] The filing date of this document is not discernable from the record.

consider whether he has made a substantial showing of the denial

of a constitutional right.  See Robison v. Johnson, 151 F.3d 256,

262 (5th Cir. 1998) (procedural default), cert. denied, 119

S. Ct. 1578 (1999).

The AEDPA established an explicit limitation period for

state prisoners filing federal habeas petitions:

> (d)(1) A 1-year period of limitation shall apply
> to an application for a writ of habeas corpus by a
> person in custody pursuant to the judgment of a State
> court.  The limitation period shall run from the latest
> of --
>
> > (A) the date on which the judgment became
> > final by the conclusion of direct review or
> > the expiration of the time for seeking such
> > review . . . .
>
> > . . .
>
> (2)  The time during which a properly filed application
> for State post-conviction or other collateral review
> with respect to the pertinent judgment or claim is
> pending shall not be counted toward any period of
> limitation under this subsection.

§ 2244(d)(1)-(2).  A habeas petitioner whose claims otherwise

would be time-barred because the limitations period would have

expired before the effective date of the AEDPA had until April

24, 1997, to file his habeas petition.  Flanagan v. Johnson, 154

F.3d 196, 200-02 (5th Cir. 1998); United States v. Flores, 135

F.3d 1000, 1004-07 (5th Cir. 1998) (§ 2255 case), cert. denied,

119 S. Ct. 846 (1999).  Because Benjamin's conviction became

final prior to the effective date of the AEDPA, without tolling,

Benjamin had until April 24, 1997, to file his § 2254 petition.

Benjamin did not file his federal habeas petition within

this one-year "reasonableness period."  Pursuant to § 2244(d)(2),

however, the period during which a "properly filed" application for state habeas corpus relief regarding the same conviction and sentence is pending is not counted towards the one-year limitations period in § 2244(d)(1). See § 2244(d)(2); see also Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998) (holding that the § 2244(d)(2) tolling provision applies to the reasonableness period).

Because Benjamin's state habeas petition was found to be time-barred under La. Code Crim. Proc. Ann. art. 930.8 (West 1997), the district court held that it had not been "properly filed" for purposes of § 2244(d)(2). Recently, in Smith v. Ward, ___ F.3d ___ (5th Cir. Apr. 7, 2000), 2000 WL 358294, *3, this court held that a state habeas application, dismissed as untimely under article 930.8, was nevertheless "properly filed" for purposes of the tolling provision of § 2244(d)(2). See also Villegas v. Johnson, 184 F.3d 467, 469-70 (5th Cir. 1999).

Forty two days elapsed between April 24, 1996, and June 6, 1996, the date of filing of the state habeas petition. An additional 165 days elapsed between the dismissal of the state habeas petition by the trial court, on November 21, 1996, and the filing of the application for a writ of certiorari in the state appellate court, on May 6, 1997. Sixty nine additional days elapsed between the denial of the writ application by the state supreme court, on November 25, 1998, and the filing of the federal habeas application, on February 3, 1999. In sum, it is apparent that as many as 276 days out of the one-year reasonableness period elapsed prior to the filing of the federal

habeas application.  See note 1, supra.  Because the record does not disclose when the writ application was filed in the state supreme court, however, it is unclear whether any additional time elapsed between the denial of the application for rehearing by the state appellate court and the filing of the writ application in the state supreme court.

Benjamin's application for a COA is GRANTED.  The judgment is VACATED, and the case is REMANDED for further proceedings consistent with Smith and Villegas.