IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-31323
USDC No. 99-CV-1215
_____

JOHN HENRY TAYLOR, JR.,

Petitioner-Appellant,

versus

BURL CAIN, Warden,
Louisiana State Penitentiary,

Respondent-Appellee.

---------------------
Appeal from the United States District Court
for the Western District of Louisiana
---------------------
June 2, 2000

Before HIGGINBOTHAM, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

John Henry Taylor, Jr., Louisiana state prisoner # 70548, requests a certificate of appealability (COA) to appeal the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition as untimely under § 2244(d).  See § 2253(c)(1)(A).  Because Taylor has shown that the district court erred by finding that the statute of limitations could not have been tolled by his state postconviction application, and therefore, "that jurists of reason would find it debatable whether the district court was

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

correct in its procedural ruling," a COA is hereby GRANTED. See Slack v. McDaniel, 120 S. Ct. 1595, 2000 WL 478879 (U.S. April 26, 2000) (No. 98-6322); Smith v. Ward, ___ F.3d ___ (5th Cir. Apr. 7, 2000, No. 98-30444), 2000 WL 358294. The district court's judgment denying habeas relief on the basis of the time-bar of § 2244(d) is hereby VACATED, and this case is REMANDED to the district court for the determination of whether Taylor's postconviction application was filed in the state trial court early enough to avoid the time-bar. If so, the district court is to determine whether the constitutional claims set forth in Taylor's habeas petition have merit.

VACATED and REMANDED.