IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-31291
_____

WADE P. JACKSON,

Plaintiff-Appellant,

versus

BURL CAIN, Warden, Louisiana State penitentiary,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 98-CV-2837-G
--------------------
June 23, 2000

Before SMITH, BARKSDALE, and PARKER, Circuit Judges.

PER CURIAM:[*]

Wade P. Jackson, Louisiana prisoner No. 113076, seeks a certificate of appealability (COA) to appeal the dismissal of his habeas corpus application as time-barred by the one-year statute of limitations in 28 U.S.C. § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996. The district court determined that Jackson's second through fifth state applications for post-conviction relief, which were dismissed as untimely pursuant to Louisiana Code of Criminal Procedure article 930.8, were not "properly filed" as that term

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

is used in § 2244(d)(2), and thus, failed to toll the limitations period.

Our recent opinions in <u>Villegas v. Johnson</u>[**] and <u>Smith v. Ward</u>[***] reflect that Jackson's third and fourth state applications for post-conviction relief were, in fact, properly filed for purposes of § 2244(d) and that they tolled the 28 U.S.C. § 2244(d) limitations period. With this tolling, Jackson's federal habeas application is facially timely. Thus, Jackson has established that the district court erred by dismissing his petition as untimely. <u>Slack v. McDaniel</u>, ___ U.S. ___, 120 S. Ct. 1595, 1604 (April 26, 2000). We decline to address the merits of Jackson's constitutional arguments as they were never considered by the district court. See <u>Slack</u>, 120 S. Ct. at 1604.

Accordingly, we GRANT Jackson's motion for a COA, VACATE the judgment dismissing his § 2254 application as time-barred, and REMAND the case for consideration of the merits of his claims. See <u>Whitehead v. Johnson</u>, 157 F.3d 384, 388 (5th Cir. 1998)(granting COA, vacating district court dismissal of case for failure to exhaust state remedies, and remanding without briefing).

MOTION FOR COA GRANTED. VACATED AND REMANDED.

---

[**] 184 F.3d 467 (5th Cir. 1999).

[***] 209 F.3d 383, 385 (5th Cir. 2000).