## UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT
_____

### No. 98-30822
### Summary Calendar
_____

**DENNIS NALL,**

**Petitioner-Appellant,**

**versus**

**KELLY WARD, Warden,**

**Respondent-Appellee.**
_____

### Appeal from the United States District Court
### for the Western District of Louisiana
### (98-CV-203)
_____

July 5, 2000

Before SMITH, BARKSDALE, and PARKER, Circuit Judges.

PER CURIAM:[*]

Dennis Nall, Louisiana prisoner # 105494, appeals, *pro se*, the dismissal of his 28 U.S.C. § 2254 petition as time-barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1). Nall contends that the district court erred in determining that his state application for post-conviction relief, dismissed as untimely pursuant to LA. CODE CRIM. P. art. 930.8, *see* **Nall v. State**, 703 So. 2d 14 (La. 1997), was not "properly filed", as that term is used in § 2244(d)(2).

Subsequent to the dismissal of Nall's application by the district court, our court issued opinions in **Villegas v. Johnson**, 184 F.3d 467, 469 (5th Cir. 1999) (state habeas application,

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

dismissed as successive pursuant to TEX. CODE CRIM. P. ANN. art. 11.07, § 4, "properly filed" within meaning of § 2244(d)(2)), and *Smith v. Ward*, 209 F.3d 383, 385 (5th Cir. 2000) (state application for post-conviction relief, denied as time-barred pursuant to LA. CODE CRIM. P. art. 930.8, "properly filed" within meaning of § 2244(d)(2)). Under *Villegas* and *Smith*, Nall's state application for post-conviction relief was "properly filed" for purposes of § 2244(d)(2) and should have tolled the § 2244(d)(1) limitations period. Accordingly, the judgment dismissing Nall's § 2254 application as time-barred is **VACATED**, and the case is **REMANDED** for further proceedings consistent with this opinion.

*VACATED and REMANDED*