IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-30320
(Summary Calendar)
_____

FRANK DOUGLAS BANCROFT,

Petitioner-Appellant,

versus

BURL CAIN, Warden, Louisiana State Penitentiary,

Respondent-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Louisiana
(99-CV-1105-H)
- - - - - - - - - -
September 20, 2000

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Petitioner-Appellant Frank Douglas Bancroft, Louisiana prisoner # 309988, appeals from the dismissal of his 28 U.S.C. § 2254 application as time-barred. The Respondent has filed a motion seeking leave to file an appellate brief out-of-time, which motion is granted.

The district court held that Bancroft's state habeas corpus application was not "properly filed" under 28 U.S.C. § 2244(d)(2) because it had been dismissed as untimely under LA. CODE CRIM. PROC. art. 930.8, and therefore did not toll the one-year limitations

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

period for filing a § 2254 application. In a decision issued subsequent to the district court's ruling in the instant case, we held that a Louisiana prisoner's state habeas corpus application is "properly filed" within the meaning of § 2244(d)(2) even if it is later dismissed as untimely pursuant to Article 930.8. See Smith v. Ward, 209 F.3d 383, 385 (5th Cir. 2000). Consequently, Bancroft's state habeas corpus application was "properly filed" for purposes of § 2244(d)(2) and therefore tolled the limitations period during its pendency.

On appeal, however, Bancroft's only argument is that we should review the merits of his § 2254 application because the Louisiana Supreme Court erred in dismissing his state habeas corpus application as untimely under Article 930.8. He fails entirely to address the timeliness of his § 2254 application, which is the critical issue in this appeal. As Bancroft has not argued that his § 2254 application was filed within the limitations period set forth in § 2244(d), he has abandoned that issue. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993)(arguments not briefed on appeal are deemed abandoned). Accordingly, the district court's judgment is affirmed.

AFFIRMED; MOTION GRANTED.