IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-30315
_____

DONALD RAY ROBERTSON,

                                        Petitioner-Appellant,

versus

BURL CAIN, Warden, Louisiana State Penitentiary,

                                        Respondent-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 99-CV-1207-B
- - - - - - - - - -
November 20, 2000

Before SMITH, BENAVIDES and DENNIS, Circuit Judges.

PER CURIAM:[*]

Donald Ray Robertson, Louisiana prisoner #120418, seeks a certificate of appealability (COA) to appeal the dismissal of his 28 U.S.C. § 2254 petition as time-barred by the one-year statute of limitations in § 2244(d). The district court determined that Robertson's third state application for postconviction relief, which was dismissed as untimely pursuant to Louisiana Code of Criminal Procedure article 930.8, was not "properly filed" as that term is used in § 2244(d)(2), and thus, failed to toll the limitations period.

_____

   [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Our recent opinion in Smith v. Ward, 209 F.3d 383, 385 (5th Cir. 2000), shows that Robertson's third state application for postconviction relief was "properly filed" for purposes of § 2244(d) and that it tolled the limitations period. When this tolling is added to the tolling during the pendency of Robertson's second state postconviction application, Robertson's federal habeas application is timely. Thus, Robertson has established that the district court erred by dismissing his petition as untimely. Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000).

Robertson's § 2254 petition states only one claim, i.e., that he was denied due process because of an improper jury instruction on the law of principals. This claim, if supported by the record, is facially adequate to warrant a grant of habeas relief. See Flowers v. Blackburn, 779 F.2d 1115, 1119-23 (5th Cir. 1986)(similar jury instruction found unconstitutional). Robertson has shown, therefore, that reasonable jurists could find it debatable whether his habeas petition states a valid claim of the denial of a constitutional right.[1] See Slack, 120 S. Ct. at 1604. Because it is generally preferable for the district court to make the first assessment of the merits of a habeas petitioner's constitutional claims, see, e.g., Jefferson v. Welborn, 222 F.3d 286, 289 (7th Cir. 2000), COA is GRANTED, the judgment is VACATED, and this case is REMANDED to the district court for consideration of the merits of Robertson's

---

[1] Because the state courts addressed the merits of Robertson's claim, the procedural bar is inapplicable. See § 2254(d).

claim that he was denied due process because of an improper jury instruction on the law of principals.

COA GRANTED; JUDGMENT VACATED; REMANDED.