

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-18-2003

# Gale v. Vaughn

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-1637

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Gale v. Vaughn" (2003). *2003 Decisions.* Paper 45.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/45

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

———————

NO. 03-1637

———————

EARL GALE,
                    Appellant

v.

DONALD T. VAUGHN

———————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 02-cv-05911)
District Judge:  Hon. Charles R. Weiner

———————

Submitted Under Third Circuit LAR 34.1(a)
December 2, 2003

Before:  SLOVITER, ALITO and FRIEDMAN,[*] Circuit Judges

(Filed: December 18, 2003)

———————

OPINION OF THE COURT

_____

[*]     Hon. Daniel M. Friedman, United States Senior Circuit Judge for the Federal
Circuit, sitting by designation.

SLOVITER, <u>Circuit</u> <u>Judge</u>.

Before us is the appeal of Earl Gale from the order of the District Court dismissing his petition for habeas corpus as time-barred.

## I.

## Facts and Procedural History

On July 20, 1993, appellant Earl Gale was convicted by a jury in the Delaware County Court of Common Pleas, a Pennsylvania trial court, of first-degree murder, aggravated assault, conspiracy, attempted homicide, recklessly endangering another person, possession of a firearm without a license and possession of an instrument of crime. He was sentenced to life imprisonment, plus 20 to 40 years. The Pennsylvania Superior Court affirmed on April 25, 1995, and the Pennsylvania Supreme Court denied <u>allocatur</u> on November 16, 1995.

Gale filed a petition under the Pennsylvania Post-Conviction Relief Act (PCRA) on November 27, 1996. Following an evidentiary hearing, the Court of Common Pleas denied his petition on the merits on December 12, 1998, which was affirmed by the Superior Court on November 30, 1999. The state supreme court denied Gale's request for allowance of appeal by <u>allocatur</u> on May 17, 2000.

Gale filed a second PCRA petition <u>pro</u> <u>se</u> on August 25, 2000. Following a hearing, the trial court denied his petition as untimely on January 22, 2001 and the Superior Court affirmed on July 25, 2002. Gale did not seek <u>allocatur</u> in the Pennsylvania

State Supreme Court nor did he seek certiorari in the United States Supreme Court.

Gale filed a federal habeas petition in the United States District Court for the Eastern District of Pennsylvania on July 26, 2002, which was denied on February 28, 2003 as untimely. The District Court held that Gale's first PCRA petition tolled AEDPA's statute of limitations but that Gale's second PCRA petition did not satisfy Pennsylvania's timeliness requirements and therefore, was not a "properly filed" petition that could toll AEDPA's one-year statute of limitations. App. at 7. The District Court also noted that in reviewing Gale's second PCRA petition the Pennsylvania Superior Court further determined that "Gale failed to allege let alone establish any lawful excuse for its untimely filing under 42 Pa. C.S. § 9545 (b)." App. at 7. Nonetheless, the District Court granted a certificate of appealability on the issue of whether Gale's second PCRA petition tolled the statue of limitations for filing this action. Gale timely appealed.

## II.

### Discussion

Gale filed a habeas corpus petition under 28 U.S.C. § 2254. The District Court had jurisdiction under 28 U.S.C. § 2254(a) and this court has jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253. We have plenary review over issues involving statutes of limitations. See Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003), cert. denied, 124 S. Ct. 317 (2003).

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. §

3

2244(d), provides that a prisoner may file a petition seeking a writ of habeas corpus within one year from the date on which the prisoner's state conviction became final. See Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998). If a state prisoner's conviction became final prior to the enactment of AEDPA, the one-year period begins to run on the effective date of AEDPA, April 24, 1996. See Sweger v. Chesney, 294 F.3d 506, 513 (3d Cir. 2002). This applies to Gale, who was convicted prior to the enactment of AEDPA.

However, the one-year statute of limitations may be tolled for the "time during which a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2) (emphasis added); see also Swartz v. Meyers, 204 F.3d 417 (3d Cir. 2000). Therefore, Gale's statute of limitations was tolled from November 27, 1996, the date on which Gale filed his PCRA petition, to August 15, 2000, 90 days after the Pennsylvania Supreme Court denied allocatur (the period for filing a petition for a writ of certiorari). Thus, Gale had until January 10, 2001 to file a habeas petition.

The parties agree that Gale's first PCRA petition tolled AEDPA's statute of limitations. The dispute is over Gale's arguments that his second PCRA petition also tolled AEDPA and that the period of time the second petition was pending in the state court while that court determined if the applicability of any of the state's exceptions to the timeliness rule should toll the AEDPA limitations even though the state court found Gale's second PCRA application untimely.

In Artuz v. Bennett, 531 U.S. 4 (2000), the Supreme Court addressed the question whether an application for state post-conviction relief containing claims that are procedurally barred under state law is "properly filed" under AEDPA. The Court declared that "an application is *'properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings," including, but not limited to "the time limits upon its delivery." Id. at 8 (emphasis in original).

We followed Artuz in Fahy v. Horn, 240 F.3d 239 (3d Cir.), cert. denied, Horn v. Fahy, 534 U.S. 944 (2001), where we stated that we must look to "state law governing when a petition for collateral relief is properly filed" and "defer to a state's highest court when it rules on an issue." Id. at 243-44. We stated that a "properly filed" application must be filed "promptly and properly under state law in order to preserve [petitioners'] right to litigate constitutional claims that are more than one year old in federal court." Id. at 243. As such, a "properly filed" petition only tolls AEDPA's statute of limitations if it is "'submitted according to the state's procedural requirements, such as the rules governing the time and place of filing.'" Id. (citation omitted). Because the Pennsylvania Supreme Court dismissed Fahy's petition as untimely, we held that we were bound by the state court's determination that the "PCRA petition was not properly filed as a matter of state law" and held that Fahy's petition did not toll AEDPA's statute of limitations. Id. at 244.

The Supreme Court next considered the AEDPA tolling issue in Carey v. Saffold,

5

536 U.S. 214 (2002), where the Court considered the question left open in <u>Artuz</u> as to whether the petition is "pending" while the state court determines if the petitioner falls into one of the state's exceptions to the timeliness rule. California's post-conviction relief statute at issue in <u>Carey</u> was unusual as it contained no specific time period because it only required appealing petitioners to file a second, original petition in a higher state court within a "reasonable" period of time. Thus, the holding of the Court on the issue of "reasonableness" is not applicable here but other aspects of the Court's opinion are informative. First, the Court noted that a partial merits ruling did not automatically transform an otherwise untimely petition into a timely one. <u>See</u> <u>id.</u> at 225-26. Furthermore, the Court stated that

> If the California Supreme Court had clearly ruled that [petitioner's] 4½-month delay was unreasonable, that would be the end of the matter, regardless of whether it also addressed the merits of the claim, or whether its timeliness ruling was entangled with the merits.

<u>Id.</u> at 226 (quotation and citation omitted). Significant for our purposes is the Court's clear statement that if the state court ruled that the petitioner's untimeliness were not excused by a state exception, the federal courts should not toll AEDPA's statute of limitations for that period. <u>See</u> <u>id.</u> The <u>Carey</u> decision also disposes of Gale's argument that the state court's consideration of a possible justification for the delay related to a "condition to obtaining relief" and not to a "condition for filing." The Supreme Court's holding that a state court's conclusion that the application was untimely meant it had not

6

been properly filed necessarily means that a state court's consideration of possible justification is a condition for filing and not a condition for obtaining relief.

We followed Carey in our decision in Merritt, where we held that "an untimely application for state post-conviction relief by a petitioner, who sought but was denied application of a statutory exception to the PCRA's time bar, is not 'properly filed' under 28 U.S.C. § 2244(d)(2)." 326 F.3d at 159. That holding is dispositive here.

Merritt, like Gale, filed two unsuccessful PCRA petitions. Although there was no dispute that Merritt's first PCRA tolled AEDPA's one-year statute of limitations, Merritt argued that even if his second PCRA petition were untimely it was still "properly filed" because the PCRA contained statutory exceptions to the time limit for filing. The state courts determined that Merritt did not properly allege or prove that he fell within any of the statutory exceptions to the timeliness rules. The federal District Court then denied Merritt's habeas petition as time-barred, reasoning that because the state courts found Merritt's second PCRA petition to be untimely it was not "properly filed" and did not toll the statute of limitations under AEDPA.

We affirmed, emphasizing the "requirement of deference to the state court's decision" and stating that the panel was "bound by the state court's finding that Merritt's second PCRA petition was untimely." Id. at 166, 168; see id. at 168 ("Once the Pennsylvania court has so decided [that a petition is untimely and does not qualify for any of the exceptions], it would be an undue interference for a federal district court to decide

7

otherwise."). Because the highest state court held that Merritt's petition was untimely, we concluded that Merritt's second PCRA petition was not "properly filed." Id. at 166; see id. at 168 ("[I]f a state's Supreme Court has determined that a petition was not timely, then we *must* hold that it was not 'properly filed.'") (emphasis in original).

Gale does not dispute the symmetry between his case and Merritt. Instead, he argues that Merritt was wrongly decided. He would have us adopt the holdings in Dictado v. Ducharme, 244 F.3d 724, 727-28 (9th Cir. 2001), and Smith v. Ward, 209 F.3d 383, 385 (5th Cir. 2000), both of which were decided before the Supreme Court's decision in Carey. In Merritt, we explicitly declined to adopt the reasoning of those decisions. We said that, "[w]e need not decide whether we would find the Ninth Circuit's analysis persuasive because we are bound by our prior holding in Fahy." 326 F.3d at 165.

Gale's reliance on Nara v. Frank, 264 F.3d 310 (3d Cir. 2001), is also unavailing. In Merritt, we distinguished Nara and noted that "[a]fter Carey, Nara would be analyzed differently." Merritt, 326 F.3d at 166 n.7. It follows that Gale's arguments have already been considered and rejected by this court.

### III.

### Conclusion

In conclusion, the weight of authority – from the Supreme Court's decisions in Artuz and Carey and this court's decisions in Fahy and Merritt – makes clear that, if a state court finds that a PCRA petition was untimely and ineligible for exceptions to the

8

timeliness rule, that petition was not "properly filed" and does not toll AEDPA's statute of limitations. Gale's second untimely PCRA petition did not toll the AEDPA statute of limitations. We will affirm the District Court's order dismissing Gale's petition for a writ of habeas corpus as time-barred.

_____

TO THE CLERK:

      Please file the foregoing opinion.


      /s/   Dolores K. Sloviter
      Circuit Judge