**UNITED STATES ex rel. Joaquin GONZALEZ, Petitioner,**

v.

**George E. DeTELLA, Warden, Stateville Correctional Center, and James E. Ryan, Attorney General of Illinois, Respondents.**

No. 97 C 5586.

United States District Court, N.D. Illinois, Eastern Division.

June 1, 1998.

Joaquin Gonzalez, Stateville—STV, Joliet, IL, Pro se.

Robert K. Villa, Illinois Attorney General's Office, Darryl Belmonte Simko, William Lloyd Browers, Illinois Attorney General's Office, Criminal Appeals Division, Chicago, IL, for George D. DeTella and James Ryan, respondents.

## MEMORANDUM OPINION AND ORDER

GETTLEMAN, District Judge.

Petitioner Joaquin Gonzalez ("Gonzalez"), an inmate housed in Illinois, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondents have filed a motion to dismiss the petition as untimely.

## BACKGROUND

After a 1988 bench trial, Gonzalez was found guilty of two counts of murder and sentenced to natural life in prison. On direct appeal, the Illinois Appellate Court vacated the judgment and remanded for a new trial. Gonzalez was re-tried by a jury and again convicted of two counts of murder and sentenced to natural life in prison. Gonzalez appealed, but the Appellate Court affirmed his conviction and sentence on September 27, 1991. On December 4, 1991, the Illinois Supreme Court denied leave to appeal the Appellate Court's decision. On May 27, 1992, Gonzalez filed a pro se petition for post-conviction relief. The following June, a public defender was appointed to represent Gonzalez. On March 15, 1995, the circuit court dismissed Gonzalez's petition for post-conviction relief without an evidentiary hearing. Gonzalez filed a notice of appeal. On October 27, 1995, the Appellate Court granted the public defender's motion to withdraw as counsel and affirmed the judgment of the circuit court.[1] Gonzalez sought rehearing, which the Appellate Court denied on April 12, 1996. The Illinois Supreme Court denied leave to appeal on October 2, 1996.

## DISCUSSION

 The Antiterrorism and Effective Death Penalty Act of 1996 ("the Act") amended 28 U.S.C. § 2244 and placed a one-year statute of limitations on the filing of a petition for a writ of habeas corpus under § 2254.[2] The one-year limitations period, with certain exceptions not applicable to this case, begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). When no petition for a writ of certiorari is filed with the Supreme Court, a judgment becomes final for the purposes of § 2244(d)(1)(A) when the time for filing such a petition expires, which, under Supreme Court Rule 13, is 90 days after the entry of the judgment to be reviewed. See, e.g., Cox v. Angelone, 997 F.Supp. 740, 742 (E.D.Va. 1998) (finding that the time for seeking direct review for the purposes of § 2244(d)(1) did not expire until the 90 days during which a petition for a writ of certiorari could have been filed had passed); Alexander v. Keane, 991 F.Supp. 329, 334 n. 2 (S.D.N.Y.1998) (same); Flowers v. Hanks, 941 F.Supp. 765,

---

1. On May 25, 1995, the circuit court filed an order attempting to clarify the record concerning a second or supplemental pro se petition for post-conviction relief which was date-stamped March 1, 1995, but not assigned to the court until May 19, 1995. Since Gonzalez had, at that time, already filed a notice of appeal on his first petition, the court found that it was without jurisdiction to render any findings. Then, assuming for the sake of argument that the petition had been documented earlier or should be construed as a supplemental petition, the court determined that the petition was untimely and that the allegations contained therein were without merit. The Appellate Court considered these rulings on appeal.

2. Although the Act became effective April 24, 1996, the Seventh Circuit provided inmates seeking to challenge state court judgments that became final prior to April 24, 1996, with a one-year grace period. See Lindh v. Murphy, 96 F.3d 856, 865–66 (7th Cir.1996) (en banc) rev'd on other grounds, —— U.S. ——, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997) (concluding that "no collateral attack filed by April 23, 1997, may be dismissed under § 2244(d) ·....").

770 (N.D.Ind.1996) (same).[3] Accordingly, the judgment in Gonzalez's case became on final on March 4, 1992, that is, 90 days after the Illinois Supreme Court denied leave to appeal on December 4, 1991.

■ Under § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the, pertinent judgment or claim is pending [is] not . . . counted toward any period of limitation . . . ." Therefore, the one-year limitations period began running on March 4, 1992, but stopped running on May 27, 1992, when Gonzalez filed his pro se petition for post-conviction relief. As of May 27, 1992, 2 months and 23 days of the one-year limitations period had already elapsed, which meant that 9 months and 7 days of the one-year period remained. The statute of limitations began running again on October 2, 1996, when the Illinois Supreme Court denied petitioner's leave to appeal the judgment affirming the denial of his post-conviction petition. Therefore, Gonzalez had to file his habeas petition by July 9, 1997 (9 months and 7 days after October 2, 1996).

Gonzalez asserts that the limitations period did not begin running again until the 90–day period during which a petition for a writ of certiorari could have been filed with the United States Supreme Court had passed, that is, December 31, 1996 (90 days after October 2, 1996). Gonzalez's post-conviction petition, however, was not pending during that 90–day period. Section 2244(d)(1) specifically states that a judgment is not final until "the conclusion of direct review or the expiration of the time for seeking such review." Section 2244(d)(2), on the other hand, does not involve finality and the possibility of further review. Under § 2244(d)(2), the one-year statute of limitations is tolled only while a petition for postconviction review is "pending."

■ This court has been unable to find any cases that directly discuss the meaning of "pending" under § 2244(d)(2). Courts, however, have found that the statute of limi-

tations is tolled from the date a motion for collateral relief is filed until the decision denying collateral relief has been finally reviewed, if such review is sought. *See, e.g., Samuels v. Artuz,* 1997 WL 803772, at *2 (E.D.N.Y. Dec. 5, 1997) (finding that statute of limitations was tolled from the date that the petitioner filed a motion to vacate his conviction under a state procedural rule until the date that the appellate division denied leave to appeal the denial of that motion); *Hughes v. Irvin,* 967 F.Supp. 775, 778 (E.D.N.Y.1997) (finding that statute of limitations ran from the date that the trial court denied the petitioner's sixth application for collateral review until the date that the petitioner filed his seventh and final application, and was then tolled again until leave to appeal the denial of the seventh application was denied).

This court finds that a post-conviction petition is properly considered "pending" while review of its denial is pending before a state court. Otherwise, a "Catch–22" situation could arise where an inmate would be forced either to allow the statute of limitations to expire, which would prevent habeas relief, or to file his habeas petition before exhausting his state court remedies, which would result in the dismissal of his habeas petition as premature for failure to exhaust state remedies. An inmate need not file a petition for certiorari with the United States Supreme Court, however, to exhaust his state court remedies. Because Gonzalez did not actually file a petition for certiorari with the Supreme Court, his post-conviction was no longer "pending" for the purposes of § 2244(d)(2) as of October 2, 1996. Accordingly, the statute of limitations expired on July 9, 1997.

■ Although his petition was not received by the clerk of this court until August 7, 1997, Gonzalez has provided the court with a copy of a request for payment of postage, which demonstrates that he delivered his petition to prison officials for mailing on July 30, 1997. Under the mailbox rule of *Houston v. Lack,* 487 U.S. 266, 108 S.Ct. 2379, 101

---

**3.** The court rejects respondents' unsupported argument that the judgment in this case became

final for the purposes of § 2244(d)(1)(A) before the expiration of this 90–day period.

L.Ed.2d 245 (1988),[4] Gonzalez is deemed to have filed his petition on July 30, 1997. *See Burns v. Morton,* 134 F.3d 109, 113 (3d Cir.1998) (holding that, for the purposes of § 2244(d)(1), "a pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court"); *United States ex rel. Barnes v. Gilmore,* 987 F.Supp. 677, 681–82 (N.D.Ill. 1997) (holding that mailbox rule of *Houston v. Lack* applies to filing of habeas petitions such that petition is deemed filed when it is delivered to prison officials for mailing); *Bailey v. Gilmore,* 1998 WL 246479, at *1 (N.D.Ill. April 28, 1998) (holding that mailbox rule of *Houston v. Lack* applies to filing of habeas petitions such that petition is deemed filed when it is delivered to prison officials for mailing); *cf. In re Sims,* 111 F.3d 45, 47 (6th Cir.1997) (holding that, "for the purposes of the one-year limitations periods established by § 2244(d) and § 2255," a § 2244(b)(3) motion for authorization to file a second or successive § 2255 motion is deemed filed on the date that the motion is given to prison authorities for mailing); *Peterson v. Demskie,* 107 F.3d 92, 93 (2d Cir. 1997) (citing *Houston* for the general proposition that the timeliness of prisoners' filings is measured from the date papers are handed to prison authorities for mailing); *Miller v. Benson,* 51 F.3d 166, 169 n. 2 (8th Cir.1995)

(stating that "a good argument can be made for extending the rule in *Houston v. Lack* to filings other than notices of appeal"); *Simmons v. Ghent,* 970 F.2d 392, 393 (7th Cir. 1992) (applying the mailbox rule of *Houston v. Lack* to pro se prisoner's filing of a Rule 59(e) motion for reconsideration).[5] Because the statute of limitations expired on July 9, 1997, Gonzalez's petition was untimely.[6] Respondent's motion to dismiss is, therefore, granted.

### CONCLUSION

Respondent's motion is granted. Gonzalez's motion for a writ of habeas corpus is dismissed with prejudice. Gonzalez's motion for the court to consider appointment of counsel is denied as moot in light of the dismissal of his case. Gonzalez's motion for an enlargement of time within which to file a reply, which appears to have been docketed twice as two separate motions, is denied as moot because Gonzalez filed a reply on March 6, 1998.

---

4. Under Rule 4(a)(1) of the Federal Rules of Appellate Procedure, a notice of appeal must be filed within 30 days of the entry of the judgment or order appealed from. In *Houston,* the Supreme Court held that under Rule 4(a)(1), a pro se inmate's notice of appeal from a judgment dismissing his habeas petition was deemed filed at the moment he delivered it to prison authorities for forwarding to the district court. *Houston,* 487 U.S. at 276, 108 S.Ct. 2379.

5. Other courts have held that the mailbox rule of *Houston v. Lack* does not apply to the filing of habeas petitions. *See, e.g., United States ex rel. Banks v. Barnett,* 1997 WL 786666 (N.D.Ill.Dec. 15, 1997). This court, however, finds the reasoning of cases cited above applying the rule to the filing of habeas petitions more persuasive.

6. Respondents argue that Gonzalez's petition was not filed until the day he paid the five-dollar filing fee, which the docket indicates was October 15, 1997. Respondents rely on Rule 3(b) of the Rules Governing Section 2254 Cases in the United States District Court, which provides that "[u]pon receipt of the [habeas] petition and the filing fee, or an order granting leave to the petitioner to proceed in forma pauperis ... the clerk

of the district court shall file the petition and enter it on the docket ...." Respondents also cite two cases in support of their position: *Weaver v. Pung,* 925 F.2d 1097, 1099 (8th Cir.1991) (finding that, under Rule 3(b), the earliest date on which a habeas petition could be filed, where the petitioner's application to proceed in forma pauperis was denied, was the date on which the filing fee was paid) and *United States ex rel. Barnes v. Gilmore,* 987 F.Supp. 677, 682 (N.D.Ill. 1997) (dismissing habeas petition as untimely where petitioner submitted petition to prison authorities in a timely manner, but presented an application to proceed in forma pauperis in bad faith and failed to pay the five-dollar filing fee within the limitations period). The interaction between § 2244(d)(1) and Rule 3(b) is still being examined. In *Bailey v. Gilmore,* 1998 WL 246479, at *4 (N.D.Ill. April 28, 1998), Judge Hart held that the § 2244(d)(1) statute of limitations is tolled while a good faith application to proceed in forma pauperis is pending and that, when such an application is denied, the statute of limitations is further tolled for a reasonable time thereafter to allow for the payment of the filing fee. This court need not reach this issue because Gonzalez's petition is untimely in any event.