**Quinton NEAL, Petitioner,**

v.

**Rodney J. AHITOW, Warden, Respondent.**

No. 97–1239.

United States District Court,
C.D. Illinois.

July 29, 1998.

Quinton Neal, Canton, IL, pro se.

Michael M. Glick, Office of the Attorney General, Chicago, IL, for Respondent.

## ORDER

McDADE, District Judge.

Before the Court is Petitioner's Motion for Reconsideration. (Doc. # 17). For the rea-

sons set forth below, Petitioner's motion is GRANTED.

## BACKGROUND

On July 7, 1997, Petitioner, Quinton Neal, filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. (Doc. # 3). On January 8, 1998, Respondent, Rodney Ahitow, filed a Motion to Dismiss. (Doc. # 9). In his motion, Respondent argued that Petitioner's habeas corpus petition was barred by the one-year limitations period found in 28 U.S.C. § 2244. The Court agreed and on April 28, 1998, the Court dismissed the petition.

Consequently, Petitioner filed the instant motion for reconsideration in which he argues that his petition is not time barred. Although Petitioner does not specifically argue that the Court misapplied section 2244, the Court will, for the reasons set forth below, vacate its Order dated April 28, 1998.

In determining that Petitioner's habeas corpus petition was time barred, the Court found that Petitioner allowed nearly nineteen (19) months to elapse after his conviction became final before filing his section 2254 petition in federal court. In making this determination, the Court counted the following time periods towards the one-year limitation period found in section 2244. First, the Court found that Petitioner allowed over six months to elapse between the time that his conviction became final and the filing of his post-conviction relief petition in State court. After the trial court dismissed Petitioner's post-conviction relief petition, the Illinois Appellate Court affirmed. However, Petitioner allowed over nine months to elapse before seeking leave to appeal to the Illinois Supreme Court. Accordingly, the Court counted an additional nine months towards the one-year limitations period. Finally, the Court found that Petitioner allowed over three months to elapse after the Illinois Supreme Court affirmed the dismissal of Petitioner's post-conviction relief petition before filing his section 2254 habeas corpus petition in this Court. Because Petitioner allowed approximately nineteen 'un-tolled' months [1]

1. Specifically, Petitioner waited six (6) months and twenty (20) days before he filed his post-conviction relief petition. Thereafter, Petitioner

allowed nine (9) months and eight (8) days to elapse after the Illinois Appellate Court affirmed the trial court before filing an appeal with the

to elapse before filing his habeas petition in federal court, the Court determined that Petitioner's habeas corpus petition was time barred.

### DISCUSSION

Title 28 U.S.C. § 2244 governs the time frame in which a petition for writ of habeas corpus under section 2254 can be filed. Section 2244 states in relevant part:

A 1 year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time period which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244.

Pursuant to section 2244, the Court believes that it properly counted the six months that elapsed between the date of Petitioner's final attack on his conviction and the date that Petitioner filed his post-conviction relief petition. *See Gonzalez v. DeTella,* 6 F.Supp.2d 780, 781 (N.D.Ill.1998) (Gettleman, J.). The Court similarly believes that it

properly counted the three months that elapsed between the Illinois Supreme Court's review and the filing of Petitioner's habeas corpus petition in federal Court. *See Id.*

However, the issue the Court has grappled with is whether the Court should have counted the nine months that elapsed between the Illinois Appellate Court's review and the Illinois Supreme Court's review of Petitioner's post-conviction relief petition. That is, does section 2244(d)(2) allow a district court to count the time periods interspersed between the stages of post-conviction attack towards the one-year limitations period? In order to answer this question, the Court must consider what Congress intended in providing that the time periods that elapse while a post-conviction relief petition is *pending* shall not be counted toward the one-year limitations period. Specifically, the statute provides:

(2) The time period which a properly *filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is *pending* shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2) (emphasis added).

When the Court initially considered Respondent's motion to dismiss, the Court held the view that a post-conviction relief petition is *pending* only when the Petitioner has *properly filed* a petition for review at each stage of the post-conviction relief process. Therefore, once a trial court dismisses a post-conviction relief petition, for example, the one-year limitations period is triggered until the Petitioner *properly files* his appeal with the Illinois Appellate Court. Similarly, once the Illinois Appellate Court affirms, the statute is once again triggered until the petitioner files his appeal with the Illinois Supreme Court.

In the Court's view, this was a fair reading of the plain language of section 2244(d)(2). That is, if Congress intended otherwise, it may have stated, for example, that the time period that the State provides for post-conviction review shall not be counted toward any period of limitation. But Congress did

Illinois Supreme Court. Finally, Petitioner waited three (3) months and five (5) days before filing his section 2254 habeas corpus petition. (6

months, 20 days + 9 months, 8 days + 3 months, 5 days = approximately 19 months).

not do so. Rather, section 2244(d)(2) requires that the petition for post-conviction relief be *properly filed* and *pending* before the limitations period will be tolled. Once a state trial court dismisses a post-conviction relief petition, how can it be said that the petition is *filed?* Even more troublesome, how can it be said that the petition is *pending?*

Chief Judge Michael Mihm of the United States District Court for the Central District of Illinois recently addressed this issue in *Joseph Deerwester v. Lamark Carter,* 97–CV–1428 (May 20, 1998). There, Chief Judge Mihm held that once a post-conviction relief petition is filed the "action is 'pending' for purposes of § 2244(d)(2) until a final judgment is rendered." Specifically, the district court explained:

> [T]his Court finds a number of reasons why the time which is interspersed between stages during a post conviction attack should not be counted. First, the term "pending" is ambiguous. It is not always used in the most technical sense to describe a matter that is before a court awaiting action. The word "pending" is defined by BLACK'S LAW DICTIONARY, 6th Ed., p. 1134 (1990), as "[a]waiting an occurrence or conclusion of an action[.] Thus, an action or suit is 'pending' from its inception until the rendition of final judgment." Alternatively, a case has held [that] a matter is pending until such time after judgment that a party can no longer file a notice of appeal. *See United States v. Owen,* 20 C.M.R. 182, 1955 WL 3548 (1955). On reconsideration of the matter, the definition from BLACK'S LAW DICTIONARY seems to encompass the term's usage in common parlance. Accordingly, this Court holds that an action is "pending" for purposes of § 2244(d)(2) until a final judgment is rendered and appeal or reconsideration is no longer an option.

*Deerwester,* 97–CV–1428, Doc. # 18 at p. 4–5.

The Court finds Chief Judge Mihm's reading of section 2244(d)(2) somewhat troubling in that, as the Court has already stated, if Congress intended the entire state post-conviction relief process to be tolled for section 2244 purposes, they would have simply stated as much. In addition, Chief Judge Mihm's analysis contravenes the purpose of the Anti-terrorism and Effective Death Penalty Act ("AEDPA") of 1996, manifested by its amendment of section 2244(d)(2), to expedite the collateral review process. *See Lott v. Coyle,* 2 F.Supp.2d 961 (N.D.Ohio 1998) (O'Malley, J.) (observing that the AEDPA was intended to curb the abuse of the statutory writ of habeas corpus and to address the acute problems of unnecessary delay inherently found in collateral review) (*citing* 142 Cong.Rec. H3305 (daily ed. April 15, 1996) (Conference Report on S. 735); 142 Cong. Rec. S3472 (daily ed. Apr. 17, 1996) (statement of Sen. Specter) (noting that purpose of AEDPA is to put a stop to delay in progress of habeas cases by adding statute of limitations); 141 Cong.Rec. S7805 (daily ed. June 7, 1995) (statement of Sen. Hatch) (same)).

Nevertheless, the Court will follow the rationale announced in *Deerwester.* However, what has persuaded the Court to follow Chief Judge Mihm's analysis of section 2244(d)(2) is that any other reading of the section may leave many potential section 2254 habeas corpus petitioners in a "Catch–22" situation. *See Gonzalez,* at 781. In this connection, Judge Gettleman of the United States District Court for the Northern District of Illinois explained:

> This Court finds that a post-conviction petition is properly considered "pending" while review of its denial is pending before a state court. Otherwise, a "Catch–22" situation could arise where an inmate would be forced either to allow the statute of limitations to expire, which would prevent habeas relief, or to file his habeas petition before exhausting his state court remedies, which would result in the dismissal of his habeas petition as premature for failure to exhaust state remedies.

*Gonzalez,* at 781; *see also Lovasz v. Vaughn,* 134 F.3d 146 (3d Cir.1998); *Green v. Page,* 97–CV–3132 (C.D.Ill.1998) (unpublished opinion) (both cases implicitly endorse not counting the post-conviction inter-stage time periods).

After reviewing the applicable case law and the applicable state and federal statutes, the Court finds that once a post-conviction relief petition is initially filed in State court then *that* petition is "pending" for purposes

of section 2244(d)(2) as long as the state court or the state post-conviction procedures allow for review. *Cf. Lovasz,* 134 F.3d at 148 ("[I]n enacting [the] AEDPA, of which § 2244(d)(2) is a part, Congress intended to 'reduce federal intrusion into state criminal proceedings.' "). Accordingly, although Petitioner allowed over nine months to elapse after the Illinois Appellate Court reviewed his post-conviction relief petition before he sought leave to appeal to the Illinois Supreme Court, his petition was still "pending" within the meaning of section 2244(d)(2) since the Illinois Supreme Court ultimately granted Petitioner leave to appeal. Thus, Petitioner's post-conviction relief petition was 'pending' from August 23, 1993, (the date the petition was filed) until April 2, 1997, (the date the Illinois Supreme Court denied the petition). Accordingly, Petitioner's habeas corpus petition brought pursuant to section 2254 is *not* time barred by section 2244.

### CONCLUSION

IT IS THEREFORE ORDERED that Petitioner's Motion for Reconsideration [Doc. # 17] is **GRANTED.** IT IS FURTHER ORDERED that Petitioner's Motion for Certificate of Appealability [Doc. # 16] is **DENIED** as **MOOT.** IT IS FURTHER ORDERED that the Court's Order and Judgment dated April 28, 1998, are **VACATED.** IT IS FURTHER ORDERED that Respondent file an answer or responsive pleading within forty-five (45) days after service of this Order. Respondent should address whether Petitioner has exhausted state remedies and/or procedurally defaulted any of his claims. In addition, Respondent should address the merits of Petitioner's claims. IT IS FURTHER ORDERED that the Clerk of the Court serve a copy of the petition by certified mail upon Respondent. IT IS FURTHER ORDERED that Petitioner shall serve upon Respondent or, if appearance has been entered by counsel, upon his attorney, a copy of every further pleading or other document submitted for consideration by this Court.