REVISED JULY 6, 2000

**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 99-30759

ELMORE J. WILLIAMS,

Petitioner - Appellant,

VERSUS

BURL CAIN,

Respondent - Appellee.

Appeal from the United States District Court

for the Eastern District of Louisiana

June 29, 2000

Before WIENER and STEWART, Circuit Judges, and ROSENTHAL, District Judge.[*]

ROSENTHAL, District Judge:

Elmore Williams was convicted of second degree murder in Louisiana state court in 1989. He received a life sentence, without the possibility of parole. His direct appeals concluded without success in 1991. He appeals from the district court's dismissal of his petition under 28 U.S.C. § 2254 as time-barred.

---

[*] District Judge of the Southern District of Texas, sitting by designation.

## I. BACKGROUND

Louisiana procedure requires a prisoner seeking post-conviction relief to make an initial application to the trial court. See LA. CODE CRIM. PROC. ANN. art. 930.6A. The law in effect during the relevant time required a prisoner to file an application for post-conviction relief within three years after the judgment of conviction and sentence become final. See LA. CODE CRIM. PROC. ANN. art. 930.8A. (This period has since been reduced to two years). Williams filed a timely application for post-conviction relief before the trial court. The trial court denied Williams's application without a hearing. Under Louisiana law, Williams could not appeal from the trial court's denial of his application for post-conviction relief. Louisiana law requires an unsuccessful applicant to seek review through an application for a supervisory writ. Williams filed his application for a supervisory writ before the intermediate state appellate court. That court ordered the trial court to conduct an evidentiary hearing on Williams's ineffective assistance of counsel claim. The trial court held the hearing and again denied relief. On March 10, 1994, the appellate court denied Williams's application for a supervisory writ.

Under Louisiana Supreme Court Rule X, § 5(a), Williams had thirty days to file his application for a supervisory writ to the Louisiana Supreme Court. That rule provides as follows:

> An application seeking to review a judgment of the court of appeal either after an appeal to that court, or after that court has granted relief on an application for supervisory writs (but not when the court has merely granted an application for purposes of further consideration), or after a denial of an application, shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal; however, if a timely application for rehearing has been filed in the court of appeal in those instances where a

2

rehearing is allowed, the application shall be made within thirty days of the mailing of the notice of denial of rehearing or the judgment on rehearing. No extension of time therefor will be granted.

Williams did not file his application with the Louisiana Supreme Court until May 1995, almost fourteen months after the appellate court denied his application for a supervisory writ. The Supreme Court did not request briefs from the State and no motions or briefs are in the record. Almost two years later, in April 1997, the Louisiana Supreme Court rejected Williams's application with one word: "DENIED." The Court did not state whether it was rejecting the application as untimely filed or whether it had considered the application and rejected it on a substantive ground.

Williams filed this federal petition under section 2254 in July 1997. Williams did not file this petition within the one-year grace period allowed by the Antiterrorism and Effective Death Penalty Act of 1996, § 101, 28 U.S.C. § 2244(d)(1) ("AEDPA"), which expired on April 24, 1997.[1] Williams contends that the tolling provision of section 2244(d)(2) applies, suspending the one-year filing period until the Louisiana Supreme Court denied his application for a supervisory writ. If Williams is correct, his federal petition is timely. Absent tolling, the petition is time-barred.

The district court held that Williams's application for a supervisory writ did not constitute a "properly filed application for State post-conviction . . . review" under 28 U.S.C. § 2244(d)(2) because Williams did not comply with the thirty-day

---

[1] Because Williams's conviction became final before the enactment of the AEDPA, Williams had one year following the effective date of the Act, April 24, 1996, in which to file a federal petition for a writ of habeas corpus. See Villegas v. Johnson, 184 F.3d 467, 469 (5th Cir. 1999).

filing requirement of Louisiana Supreme Court Rule X, § 5(a). This court granted Williams's request for a certificate of appealability ("COA") on the issue of whether, in light of <u>Villegas v. Johnson</u>, 184 F.3d 467 (5th Cir. 1999), the Louisiana Supreme Court rule "sets forth the type of procedural filing requirement that would render a state application for post-conviction relief dismissed on that basis improperly filed for purposes of § 2244(d)."

Williams filed a brief that addressed the merits of his petition, but failed to address the tolling issue. Respondent's brief is limited to the issue of whether Williams's application to the Louisiana Supreme Court, filed long after the time allowed by that Court's rules, was a "properly filed" application under section 2244(d)(2) so as to toll limitations.

## II.  THE ISSUE OF WAIVER

Williams clearly, and successfully, raised the tolling issue before this court in his application for a certificate of appealability. His failure to reassert the same issue in the post-COA briefs does not amount to a waiver of that issue.

In <u>Yohey v. Collins</u>, 985 F.2d 222, 225 (5th Cir. 1993), this court considered a pro se appellant's request for the adoption of legal and factual arguments previously presented in his filed objections to a magistrate judge's report and in various state court pleadings. The Fifth Circuit held that appellant had abandoned those arguments by failing to repeat them in the body of his appellate brief. The court cited Rule 28(a)(4) of the Federal Rules of Appellate Procedure, which required an appellant to state the reasons that entitled the appellant to the requested relief "with citation to the authorities, statutes and parts of the record

4

relied on."[2]  The court stated:  "Although we liberally construe the briefs of pro se appellants, we also require that arguments must be briefed to be preserved."  Yohey, 985 F.2d at 224–225.  The court also noted that the incorporation of arguments from other pleadings would lengthen a brief already at the fifty-page limit. The court therefore limited its consideration to the issues presented and argued in the brief.

In this case, Williams timely raised and briefed the tolling issue in his request for a COA.  In the order granting the COA, the court stated that if a prisoner makes a credible showing that the district court erred in dismissing a habeas corpus application on a procedural basis, the appellate court would then consider whether the prisoner had made a substantial showing of the denial of a constitutional right on the underlying claims.  The order concluded by stating that Williams had "made a credible showing that the district court may have erred in dismissing his application as time barred."  The order was arguably misleading to a pro se litigant.  In the absence of explicit direction to rebrief the issue of the time bar, Williams proceeded to brief the merits. Under these circumstances, it is inappropriate to deem the tolling issue waived by Williams's failure again to brief that issue.

## III. THE ISSUE OF TOLLING

Section 2244(d)(2) tolls the limitation provision for filing a section 2254 petition during the pendency of certain state court proceedings:

---

[2] Rule 28 has since been amended.  The corresponding provision is Rule 28(a)(9)(A), which provides that an appellant's brief must contain "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies."

5

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2). The issue in this case is when Williams ceased to have a "properly filed application for State post-conviction . . . review . . . pending." Williams argues that he had a properly filed application pending until the Louisiana Supreme Court denied his application for a supervisory writ. The respondent contends that Williams ceased to have a properly filed application pending when he failed to comply with the time limit of Louisiana Supreme Court Rule X, § 5(a).[3]

This question requires an examination of the meaning of the phrases "properly filed" and "pending" in section 2244(d)(2).

## A. The Meaning of "Properly Filed"

This court has addressed the meaning of "properly filed" in Villegas v. Johnson, 184 F.3d 467 (5th Cir. 1999), and Smith v. Ward, 209 F.3d 383 (5th Cir. 2000). This court had not issued either opinion when the district court ruled. In Villegas, the court held that a Texas prisoner's state habeas application was "properly filed" within the meaning of section 2244(d)(2), despite the fact that the state court had dismissed the application under

---

[3] The order issuing the COA framed the issue as whether an application for a supervisory writ dismissed as untimely filed under Louisiana Supreme Court Rule X, § 5(a) is a "properly filed application" under section 2244(d)(2). However, as the district court pointed out, the Louisiana Supreme Court's decision did not expressly state that it dismissed Williams's application as time-barred under Rule X, § 5(a). The district court inferred that the Louisiana Supreme Court had not exercised its discretionary supervisory jurisdiction to consider Williams's case on the merits, but acknowledged that the Court did not specifically state whether it dismissed the writ application as untimely filed or on a substantive ground.

6

a Texas statute that precluded consideration of a successive habeas application unless the application satisfied one of several specified exceptions. This court defined a "properly filed" state application as one that "conforms with a state's applicable procedural filing requirements," Villegas, 184 F.3d at 470, and defined "procedural filing requirements" as "those prerequisites that must be satisfied before a state court will allow a petition to be filed and accorded some level of judicial review." Id. at 470 n.2.

This court observed that under the Texas statute, although the state court would not "automatically consider the merits of claims raised in a successive petition, [the state habeas court would] accept the petition for filing and review the application to determine whether the statutory exceptions [we]re met." Id. at 472 n. 4. If the review showed that none of the exceptions applied, the state court would then dismiss the petition. However, because the statute did not prohibit the filing of a successive petition, but merely limited the availability of relief, the statute did not impose a "procedural filing requirement" that would make an application improperly filed for the purpose of section 2244(d)(2). See id. at 472.

In Smith v. Ward, 209 F.3d 383 (5th Cir. 2000), the court applied Villegas to a prisoner's efforts to obtain post-conviction relief in the Louisiana courts. The Louisiana state court had dismissed the prisoner's application for post-conviction relief as time-barred because the prisoner did not file in the trial court within three years from the date the judgment of conviction and sentence became final, as required by LA. CODE CRIM. PROC. ANN. art. 930.8A. The Fifth Circuit held that the Louisiana state court's dismissal of the application on the ground that it failed to meet

this time limitation did not make the application "improperly filed" for section 2244(d)(2) purposes. As with the Texas successive writ statute, Article 930.8A included a number of exceptions allowing a court to consider an application for post-conviction relief even if filed after the presumptive time limit. Under the article, a Louisiana state court could consider the merits of a prisoner's untimely application if (1) "[t]he application allege[d], and the prisoner prove[d] or the state admit[ted], that the underlying facts were not known to the petitioner or his attorney," or (2) the application raised a claim "based on a final ruling of an appellate court establishing a theretofore unknown interpretation of constitutional law and petitioner establishe[d] that this interpretation [was] retroactively applicable to his case, and the petition [was] filed within one year of the finality of such ruling." LA. CODE CRIM. PROC. ANN. art. 930.8A.

This court reasoned:

On its face, article 930.8A is arguably a time-based procedural filing requirement of the sort which, under Villegas, would render an application dismissed on that basis as having been not "properly filed." On the other hand, article 930.8A, like the Texas successive writ statute at issue in Villegas, does not impose an absolute bar to filing; instead, it limits the state court's ability to grant relief.

Under article 930.8A, Louisiana courts will accept a prisoner's application for filing and review it to determine whether any of the statutory exceptions to untimely filing are applicable. If the untimely application does not fit within an exception, the state court will dismiss it.

Because the procedure established by article 930.8A is virtually identical to that under TEX. CODE CRIM. P. art. 11.07, § 4, we conclude that, consistent with Villegas, Smith's state application, although ultimately determined by the state court to be time-barred, nevertheless was

8

> "properly filed" within the meaning of § 2244(d)(2). Accordingly, the one-year period for seeking federal habeas relief was tolled during the pendency of that state application, making timely the federal application filed in January 1998.

Smith, 209 F.3d at 384–385 (citations omitted).

Villegas and Smith emphasized that the phrase "properly filed" required compliance with "procedural filing requirements," such as "rules governing notice and the time and place of filing [as well as] requirement[s] that the petitioner obtain judicial authorization for the filing," Villegas, 184 F.3d at 470 n. 2, but did not include compliance with more complex state procedural doctrines, such as those relating to successive petitions. See id. at 470 (stating a reluctance to go beyond the plain meaning of "properly filed" and emphasizing the interests of comity and exhaustion served by a narrow construction of section 2244(d)(2)).

Although the circuits disagree on aspects of the application of section 2244(d)(2),[4] courts have consistently held that an

---

[4] This court has adopted the "narrow" view of the phrase "properly filed application" in section 2244(d)(2), construing the phrase to require that the state post-conviction motion or petition comply with rules governing the time and place of filing. The majority of circuits follow this approach. See, e.g., Bennett v. Artuz, 199 F.3d 116 (2d Cir. 1999) (rejecting cases holding that a state petition had to be nonfrivolous in order to be properly filed for the purpose of tolling the AEDPA statute of limitations); Hoggro v. Boone, 150 F.3d 1223, 1226, n. 4 (10th Cir. 1998); Lovasz v. Vaughn, 134 F.3d 146, 148–49 (3d Cir. 1998); Lucas v. Carter, 46 F. Supp. 2d 709, 711–12 (N.D. Ohio 1999) (holding that a petition dismissed by the state court on the basis of res judicata was "properly filed"). Other courts have taken a broader view. See, e.g., Tinker v. Hanks, 172 F.3d 990, 991 (7th Cir. 1999) (holding that an application for leave to file a successive state habeas petition was not a "properly filed application" under 2254(d)(2)), petition for cert. filed (Dec. 27, 1999) (No. 99-7682); Dictado v. Ducharme, 189 F.3d 889, 892 (9th Cir. 1999) (reasoning that the policy of deferring to state courts weighs in favor of requiring prisoners to comply with the full range of state

9

application is not "properly filed" if it fails to meet a filing deadline clearly established in state law. See Hoggro, 150 F.3d at 1226, n.4; Lovasz, 134 F.3d at 148–49; Webster v. Moore, 199 F.3d 1256, 1258–59 (11th Cir. 2000), petition for cert. filed (Mar. 20, 2000) (No. 99-8819); United States ex rel. Morgan v. Gilmore, 26 F. Supp.2d 1035, 1038 (N.D. Ill. 1998). These courts have held that the plain language of section 2244(d)(2) requires a properly-filed state application to meet clear time limitations. These courts also note that respect for state filing deadlines is consistent with the concern for comity that animates many provisions of the AEDPA, including the requirement that a prisoner exhaust available state remedies before pursuing federal habeas relief, 28 U.S.C. § 2254(b), and the respect afforded state adjudications of constitutional claims on federal habeas review, 28 U.S.C.§ 2254(d)–(e). See, e.g., Webster, 199 F.3d at 1258–59.

A straightforward application of the above cases to the thirty-day time limit established by Louisiana Supreme Court Rule X, § 5(a) supports the conclusion that Williams's "application" for post-conviction relief in the Louisiana courts ceased to be "properly filed" for the purpose of section 2244 (d)(2) when he failed to file his application for a supervisory writ with the Louisiana Supreme Court within the time allowed by Rule X, § 5(a). Rule X, § 5(a) is a procedural requirement governing the time of filing. The rule sets out no specific exceptions to, or exclusions from, this requirement. Indeed, the rule forbids any extension of the thirty-day limit. In these important ways, Rule X, § 5(a) differs from the statutes at issue in Villegas and Smith.

---

procedural rules, including the rules regarding successive petitions).

The primary argument on the other side, noted by the district court, is the presence of an unrestricted residual discretion in the Louisiana Supreme Court to consider any request for a supervisory or remedial writ. See LA. CONST. ANN. Art. 5, § 5(A)("The supreme court has general supervisory jurisdiction over all other courts."); Williams v. Cain, 66 F. Supp.2d at 817.[5] The district court did not examine whether the Louisiana Supreme Court's general supervisory jurisdiction was in itself sufficient under Villegas and Smith to make Williams's application "properly

---

[5] The district court cited several cases illustrating the Louisiana Supreme Court's exercise of discretion to review claims under its supervisory jurisdiction. However, none of the cases involved the Supreme Court's use of its discretion to consider the merits of a petition for post-conviction relief that was not filed within the thirty-day period established by Louisiana Supreme Court Rule X, § 5(a). Instead, the cases involved an approach that the Louisiana Supreme Court followed for a time, but later rejected, to address a persistent problem under the Louisiana post-conviction procedures. Under Louisiana procedure, a post-conviction application is initially made to the trial court. See LA. CODE CRIM. PROC. ANN. 930.6A. There is no right of appeal from a trial court's denial of a petition for post-conviction relief. See id. The trial court's denial is subject to review only under the supervisory jurisdiction of the Louisiana courts of appeals, and then the Louisiana Supreme Court, within each court's discretion. See id. For a time, the Louisiana Supreme Court, in the interest of judicial economy, routinely exercised its discretion to consider non-appealable matters that prisoners had incorrectly filed as appeals as if those matters had been properly filed as applications for writs of review. However, by an En Banc Order issued December 9, 1994 and effective January 1, 1995, the Louisiana Supreme Court rejected that approach as "contrary to [the] jurisdictional grant and discontinued the procedure," instead dismissing the improperly filed appeals for lack of appellate jurisdiction. See State v. Robinson, 97-686, 707 So.2d 81 (La.App. 5th Cir. 1/14/98); State v. Polkey, 95-564, 669 So.2d 2, 3 (La.App. 5th Cir. 1/17/96).

11

filed," despite its violation of the thirty-day deadline set in the Louisiana Supreme Court's rule.[6]

By comparison to the statutory exceptions to time limits at issue in <u>Villegas</u> and <u>Smith</u>, the general discretion in the Louisiana Supreme Court to accept a supervisory writ application functions far differently for the purpose of section 2244(d)(2). As noted, <u>Villegas</u> and <u>Smith</u> involved state post-conviction statutes that provided express exceptions to the filing deadlines they contained. This circuit held that because the statutes specifically provided grounds that, if alleged and proved, required a state habeas court to consider an otherwise untimely application, those statutes did not bar a state court's consideration of the application, but only placed limitations on such consideration. An application dismissed as untimely under those state statutes would still be a "properly filed application" that would toll limitations under AEDPA. By contrast, there is no express provision in the Louisiana Supreme Court Rule or the Louisiana post-conviction statutes that would permit a petitioner to avoid the thirty-day filing deadline. Rule X, § 5(a) expressly prohibits any extension

---

[6] The district court instead held that because there was no evidence that the Supreme Court had exercised its discretion to consider Williams's untimely application on the merits, the application was not "properly filed" for the purpose of section 2244(d)(2). Noting that the Louisiana Supreme Court never issued a briefing order for the state to respond to Williams's application and denied the application by a one-word judgment, the district court found that there was no indication that the Louisiana Supreme Court had accepted supervisory jurisdiction over the untimely-filed application. The court noted that the Louisiana Supreme Court frequently does expressly dismiss applications for supervisory writs as untimely filed. Nonetheless, the district court concluded that the absence of such an express statement in this case was not sufficient to convert an untimely and unsuccessful application into one that would be considered timely filed for the purpose of tolling limitations under AEDPA.

12

of the thirty-day period. There is no requirement in the rule that the Louisiana Supreme Court consider an untimely application for a supervisory writ upon a petitioner's allegation and proof of certain facts defined by statute.

Under the statutes at issue in Villegas and Smith, the state court had to make a determination on issues related to the substance of the state applications to determine whether the applications fell within a clearly-defined exception to the time requirements. In this case, by contrast, the question whether a state application to the Louisiana Supreme Court for a supervisory writ is timely filed under Rule X, § 5(a) requires no examination relating to the merits. There was no question that the state application filed here was untimely under state law. The Louisiana Supreme Court did not need to make any determination related to the merits to reach this conclusion.

The Louisiana Supreme Court Rule is much more similar to the post-conviction filing deadlines at issue in Webster, Hoggro, and Morgan, which courts consistently require a petition to satisfy in order to be "properly filed," than it is to the deadlines established by the more complex state procedural statutes at issue in Villegas and Smith. Those statutes specify exceptions that might, in any case, make an otherwise untimely application "properly filed" and require an examination into whether those exceptions are present to determine whether an application is timely. No such exceptions and no such examination are contemplated by the time requirement set by the Louisiana Supreme Court Rule X, § 5(a). Compliance with that requirement is necessary for a Louisiana prisoner's "application" for post-

13

conviction relief to remain "properly filed" under section 2244(d)(2).[7]

---

[7] The district court suggested that if the Louisiana Supreme Court had exercised its discretion to consider Williams's application on the merits, the one-year limitation period would have been tolled while that court considered the application. However, as the district court observed, the record disclosed no evidence that the Louisiana Supreme Court considered Williams's claim on the merits, instead of dismissing it as untimely. As discussed below, this court does not reach the issue of whether a decision by the Louisiana Supreme Court to consider on the merits an application for a supervisory writ filed in violation of Rule X, § 5(a) could make the application "properly filed" for the purpose of tolling the federal limitations period. See infra, n. 8.

**B.    THE MEANING OF "PENDING"**

Williams's argument for tolling also fails because his application seeking post-conviction relief in the Louisiana trial court ceased to be "pending" within the meaning of section 2244(d)(2) when he failed timely to file an application for a supervisory writ with the Louisiana Supreme Court.  Some circuits have addressed the issue of when a prisoner's state application for post-conviction relief ceases to be "pending."  The Ninth Circuit has held that section 2244(d)(2) tolls limitations for the period "during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application."  Nino v. Galaza, 183 F.3d 1003, 1005 (9th Cir. 1999) (quoting Barnett v. Lemaster, 167 F.3d 1321, 1323 (10th cir. 1999)), cert. denied, 120 S. Ct. 1846 (2000).   The Second Circuit has stated that "[a] state-court petition [for post-conviction review] is 'pending' from the time it is first filed until finally disposed of and further appellate review is unavailable under the particular state's procedures."  Bennett v. Artuz, 199 F.3d 116, 120 (2d Cir. 1999), cert. denied, 120 S. Ct. 1669 (2000).  The Fourth Circuit holds that "the entire period of state post-conviction proceedings, from initial filing to final disposition by the highest state court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review), is tolled from the limitations period for federal habeas petitioners . . . ."  Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999), cert. denied, 120 S. Ct. 1262 (2000).

Of the other circuits courts that have considered the issue, the Third Circuit addressed facts most similar to those presented here.  In Swartz v. Meyers, 204 F.3d 417 (3d Cir. 2000), the

15

prisoner had failed timely to file a petition for allowance of appeal with the Pennsylvania Supreme Court after lower Pennsylvania courts denied him post-conviction relief. Several months after the deadline for filing with the Pennsylvania Supreme Court had passed, the prisoner filed a "Motion for Permission to File Petition for Allowance of Appeal Nunc Pro Tunc" with that court. The Pennsylvania Supreme Court later denied that motion.

In determining whether the prisoner timely filed his section 2254 petition in federal court, the Third Circuit considered when the prisoner's state application for post-conviction relief ceased to be pending for the purpose of section 2244(d)(2). The court adopted the dictionary definition of the word "pending," under which "[a]n action or suit is pending from its inception until the rendition of final judgment." Id. at 420 (quoting BLACK'S LAW DICTIONARY, 6th ed., p. 1134 (1990)). The court held that the prisoner's state application, properly filed with the trial court, ceased to be pending when the time expired for the prisoner to file a petition for allowance of appeal with the Pennsylvania Supreme Court under its procedural rules.

In this case, Williams failed to comply with Louisiana Supreme Court Rule X, § 5(a) by filing an application for a supervisory writ with that court within thirty days after the intermediate state appellate court denied his application for a supervisory writ from the trial court's denial of his application for post-conviction review. Rule X, § 5(a) expressly prohibits any extension of the thirty-day period. The district court correctly observed that no evidence suggested that the Louisiana Supreme Court considered Williams's untimely application for a supervisory writ on the merits.

16

Once Williams failed to comply with Louisiana Supreme Court Rule X, § 5(a), "further appellate review [was] unavailable under [Louisiana's] procedures." Bennett, 199 F.3d at 120.[8] His application for post-conviction relief from the Louisiana courts ceased to be pending long before the one-year grace period of the AEDPA began to run.[9] No tolling applies. The period for filing a

---

[8] This court need not reach the issue of the status of Williams's application under section 2244(d)(2) had the Louisiana Supreme Court considered the untimely application and denied it on substantive grounds. Compare Neal v. Ahitow, 8 F. Supp.2d 1117, 1120 (C.D. Ill. 1998) ("[A]lthough Petitioner allowed over nine months to elapse after the Illinois Appellate Court reviewed his post-conviction relief petition before he sought leave to [file an untimely] appeal [with] the Illinois Supreme Court, his petition was still 'pending' within the meaning of section 2244(d)(2) since the Illinois Supreme Court ultimately granted Petitioner leave to appeal."); with United States ex rel. Fernandez v. Washington, 1999 WL 688771, *3 (N.D. Ill. 1999) (unpublished disposition) ("[A] petitioner's untimely petition for leave to appeal to the Illinois Supreme Court was not transformed into a 'properly filed' application for post-conviction relief simply because the Illinois Supreme Court ultimately permitted the late petition.") (construing United States ex rel. Morgan v. Gilmore, 26 F. Supp. 2d 1035, 1038 (N.D. Ill. 1998)). The difference turns in large part on whether the phrase "properly filed" requires compliance with procedural filing requirements imposed at the initial level of state court review, after which time the tolling effect of section 2244(d)(2) continues for as long as the prisoner's application remains "pending" in the state courts, or whether "properly filed" requires compliance with procedural filing requirements imposed at all levels of review in the state courts. See Swartz, 204 F.3d at 421, n. 3. This circuit has not addressed this question.

[9] This court need not decide whether Williams's application in the Louisiana courts ceased to be pending when the intermediate appellate court denied his application for a supervisory writ or thirty days later, when his time for filing an application for a supervisory writ with the Louisiana Supreme Court expired under Rule X, § 5(a). See, e.g., Swartz, 204 F.3d at 422-23 (holding that when the prisoner did not timely appeal to the state's highest court, a state application for post-conviction review ceased to be pending when the time for taking such an appeal expired under state law).

17

section 2254 petition expired on April 24, 1997.  Williams's federal petition was untimely.

**IV.   CONCLUSION**

Williams's application for supervisory review missed the Louisiana Supreme Court filing deadline by more than fourteen months.  Williams ceased to have a "properly filed application" for post-conviction relief pending in the Louisiana courts when he failed timely to apply to the Louisiana Supreme Court.  Williams's federal petition is time-barred.  The judgment of the district court is

AFFIRMED.

18