**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

---

No. 00-30462
Summary Calendar

---

FLOYD ALLEN,

Petitioner-

Appellant,

versus

BURL CAIN, Warden, Louisiana State Penitentiary,

Respondent-

Appellee.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -- - - - -
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 99-CV-915-B
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
October 17, 2000

Before SMITH, STEWART and DENNIS, Circuit Judges:

PER CURIAM:[*]

Floyd Allen, Louisiana prisoner #211312, has applied to this court for a certificate of appealability (COA). The district court dismissed Allen's habeas corpus petition as time-barred under 28 U.S.C. § 2244(d), without reaching the merits of his habeas claims.

The district court held that the one-year statute of limitations for seeking federal habeas relief was not tolled by the pendency of Allen's state postconviction application during the 83 days[**] between the state trial court's denial of postconviction relief and his request for review of that denial

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[**] The district court's calculation of 81 days differs from the calculation of this court.

from the state court of appeal, and the 26 days between the court of appeal's denial of relief and his request for review from the Louisiana Supreme Court. The district court's ruling came before this court's decision in Williams v. Cain, 217 F.3d 303 (5th Cir. 2000). Under Williams, the one-year period was tolled during the aforementioned 26 days because Louisiana Supreme Court Rule X, § 5(a), allows an applicant 30 days in which to seek relief from the court of appeal's denial of postconviction relief. See id. Williams does not address the impact on § 2244(d)(2) of Louisiana Uniform Rules, Court of Appeal Rule 4-3, which provides the time for seeking relief in the court of appeal from a trial court's denial of postconviction relief. As a preliminary matter, however, it is necessary to determine the date Allen filed his § 2254 petition.

Allen filed his state postconviction application on February 24, 1997, and the Louisiana Supreme Court did not deny writs until August 25, 1999. Assuming compliance with all relevant state statutes and rules of procedure, Allen's state postconviction application was pending for 59 days of the one-year grace period, giving Allen 59 days after August 25, 1999, or until October 25, 1999[***], to file his § 2254 petition. As long as Allen placed the § 2254 petition in the prison mailing system on or before October 25, 1999, it was timely. See Spotville v. Cain, 149 F.3d 374, 378 (5th Cir.1998)(per curiam).

Allen's § 2254 petition was not stamped as filed until November 1, 1999, but he executed (signed) it on October 20, 1999. The certificate of service on his memorandum in support of the petition states that he served the memorandum "upon opposing counsel, by placing a copy of the same in the U.S. Mail, postage prepaid" on that same date, October 20, 1999. Because the prison mailing system generally requires inmates to deliver mail to prison authorities who place it in the mail for them, this statement does not appear entirely accurate. Moreover, Allen states in his appellate brief that his § 2254 petition "was filed no later than October 21, 1999, when he deposited it in the mail box at the penitentiary, addressed to the inmate banking department." This statement renders confusing the statement in his certificate of service that he served the memorandum upon opposing

---

[***] The grace period was tolled until October 23, 1999, but because that was a Saturday, Allen had until Monday, October 25, 1999, to file his § 2254 petition.

counsel (rather than the inmate banking department) by placing it in the mail on October 20, 1999.

Allen has shown that jurists of reason would find it debatable whether the district court erred in dismissing his § 2254 petition as time-barred. See Slack v. McDaniel, 120 S.Ct. 1595, 1604 (2000). Accordingly, COA is GRANTED, the district court's judgment is VACATED, and this case is REMANDED for a determination of the date Allen's § 2254 petition was placed in the prison mailing system. In the event the petition was mailed on or before October 25, 1999, the district court should reassess the timeliness of the petition in light of Williams. If the court finds that Allen's § 2254 petition was timely, it should address the merits of Allen's habeas claims.

COA GRANTED; VACATED AND REMANDED.