IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-60324
Conference Calendar
_____

BRIAN SCOTT BERRYMAN,

Petitioner-Appellant,

versus

WALTER BOOKER; MIKE MOORE, Attorney General,
State of Mississippi,

Respondent-Appellee.

--------------------
Appeals from the United States District Court
for the Northern District of Mississippi
USDC No. 1:00-CV-51-D-A1
--------------------
April 10, 2001

Before JOLLY, HIGGINBOTHAM, and JONES, Circuit Judges.

PER CURIAM:*

Brian Scott Berryman, *pro se* Mississippi prisoner # 44499, appeals the district court's dismissal of his 28 U.S.C. § 2254 petition as barred by the statute of limitations. We granted Berryman a Certificate of Appealability (COA); we now affirm.

Although Berryman did not address the statute of limitations in his brief on appeal, he did so adequately and successfully in his COA brief. He has not waived that issue on appeal. See

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Williams v. Cain, 217 F.3d 303, 305 (5th Cir. 2000).  We, therefore, grant his motion to file a supplemental brief.

The essence of Berryman's argument is that the one-year statute of limitations provided for by 28 U.S.C. § 2244(d)(1) was tolled until February 9, 1999, when the Mississippi Court of Appeals rendered its opinion affirming the lower court's decision.  Berryman's argument assumes that the appeal was from the February 6, 1998, trial court order disposing of Berryman's 1992 and 1997 petitions.  However, Berryman did *not* appeal that order.  Rather, the appeal was from the trial court's March 19, 1998, order denying Berryman's March 9, 1998, state petition for postconviction relief.

Thus, the statute of limitations began to run on February 7, 1998, as there was no pending state habeas petition at that time. It was then tolled when Berryman filed his March 9, 1998, petition and remained tolled until February 9, 1999, the date the Mississippi Court of Appeals rendered its decision.  The limitations period was thus tolled for 337 days, making Berryman's federal petition due on January 9, 1999.  It was not signed by Berryman until January 31, 1999, rendering it at least 22 days late.

For the foregoing reasons, the judgment of the district court is AFFIRMED.

MOTION TO FILE SUPPLEMENTAL BRIEF GRANTED; JUDGMENT AFFIRMED.