IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-31000
Conference Calendar

_____

OTIS Y. MAGEE,,

                                        Petitioner-Appellant,

versus

BURL CAIN, Warden,
Louisiana State Penitentiary,

                                        Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 99-CV-3867-K
--------------------
April 11, 2001

Before JOLLY, HIGGINBOTHAM, and JONES, Circuit Judges.

PER CURIAM:[*]

Otis Magee (Louisiana prisoner # 122932) appeals the district court's dismissal of his federal habeas corpus petition wherein he challenged his 1994 convictions for attempted first degree murder and for being a felon in possession of a firearm. The district court dismissed the petition as time-barred pursuant to 28 U.S.C. § 2244(d). Our review is de novo. See Johnson v. Cain, 215 F.3d 489, 494 (5th Cir. 2000).

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Magee argues that although his state habeas application was not filed during the one-year limitations period applicable to his petition, the application should have tolled the limitations period because it was "properly filed" in accordance with Louisiana's post-conviction rules.  Although the tolling provision in § 2244(d)(2) applies to the one-year grace period, Magee did not file his state application for post-conviction relief until after the one-year grace period had expired; therefore, no tolling applied.  See Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998); § 2244(d)(2).  Moreover, Magee's argument is contrary to the plain language of § 2244(d)(2).  Section 2244(d)(2) provides for tolling during the time that a state habeas application is pending.  In Williams v. Cain, 217 F.3d 303, 310-311 (5th Cir. 2000), this court noted that when the petitioner's state habeas application "ceased to be pending" before the one-year grace period began to run, no tolling applied.  In Flanagan v. Johnson, 154 F.3d 196, 199 n.1 (5th Cir. 1998), this court noted that the limitations period could run before the filing of a request for habeas relief in the state courts.  The judgment of the district court is AFFIRMED.