UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 01-30458
Summary Calendar

JOHN LEWIS OVERBEY,

Petitioner-Appellant,

versus

BURL CAIN, Warden, Louisiana State Penitentiary,

Respondent-Appellee.

Appeal from the United States District Court
for the Western District of Louisiana
(00-CV-2524)

November 5, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

John Lewis Overbey (Overbey), Louisiana prisoner #371690, appeals the dismissal of his 28 U.S.C. § 2254 habeas petition. Our court granted a certificate of appealability (COA) on whether that federal application was time-barred. *Overbey v. Cain*, No. 01-30458 (5th Cir. 18 June 2001) (unpublished). We granted the COA because it was unclear, based upon the appellate record, when Overbey filed his first application for state postconviction relief.

Overbey states he did not file such an application prior to June 1999. That application was filed after the Antiterrorism and Effective Death Penalty Act's (AEDPA) one-year limitation period

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

had expired (at the latest, it expired in May 1999), and it therefore had no suspensive effect. *See* § 2244(d)(1)(A) & (2). In short, the federal application, at the latest, should have been filed in May 1999; it was not filed until late 2000. Therefore, the application was time-barred.

Overbey's brief, liberally construed, contends that AEDPA's limitation period should not begin to run until after the exhaustion of state remedies and/or that the period should not apply when an application for state postconviction relief is properly filed. These contentions are without merit. *See **Villegas v. Johnson***, 184 F.3d 467, 472 (5th Cir. 1999); ***Flanagan v. Johnson***, 154 F.3d 196, 199 n.1 (5th Cir. 1998); *see also **Williams v. Cain,*** 217 F.3d 303 (5th Cir. 2000).

Finally, we decline to address Overbey's equitable tolling argument. This issue was not raised in district court; in addition, it is beyond the scope of his COA. *See **Whitehead v. Johnson***, 157 F.3d 384, 387-88 (5th Cir. 1998).

*AFFIRMED*