IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-30460
Summary Calendar
_____

DALE GAUDET,

Petitioner-Appellant,

versus

BURL CAIN, Warden, Louisiana State
Penitentiary,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 00-CV-2704-F
_____
January 18, 2002

Before POLITZ, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

   Dale Gaudet, Louisiana prisoner #325242, was granted a certificate of

appealability by this court on the issue whether, in light of Melancon v. Kaylo[1] and

Williams v. Cain,[2] the district court should have applied equitable tolling. The trial

_____

   [*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

   [1]259 F.3d 401 (5th Cir. 2001)

   [2]217 F.3d 303 (5th Cir. 2000)

court found that Gaudet's 28 U.S.C. § 2254 application was time-barred under the Antiterrorism and Effective Death Penalty Act (AEDPA).

Gaudet contends that the AEDPA limitations period was tolled while his first writ application to the state appellate court was pending because it was filed by the return date set by the trial court. He maintains that the AEDPA limitations period should be equitably tolled from the time his application for rehearing in his first writ proceeding was denied on May 25, 1999, until the time the state supreme court denied his writ application on November 17, 2000. He submits that he should not be penalized for the time spent seeking a new writ, in his first state writ proceeding, because the state appellate court actively misled him into believing that his remedy after its denial of rehearing was to file a "new application." He contends that the AEDPA limitations period should be tolled between the denial of his application for rehearing and the filing of his new state writ application because, during that time, his second writ application was pending. He further insists that the district court erred in finding that his new writ application to the appellate court in his first writ proceeding was filed on November 4, 1999. Finally, he maintains that equitable tolling of the AEDPA limitations period is warranted because he did not delay in filing his federal habeas application.

Gaudet's first state postconviction application, filed on April 24, 1997, tolled the federal habeas limitations period for one day.[3] That application ceased to be pending on August 28, 1998, when Gaudet failed to file timely an application for

---

[3] 28 U.S.C. § 2244(d)(1)(A) and (d)(2); Emerson v. Johnson, 243 F.3d 931, 932 (5th Cir. 2001).

supervisory writs with the Louisiana Supreme Court from the August 28, 1998, writ denial.[4]  Gaudet's application for rehearing did not toll the AEDPA limitations period.[5]  Upon the passage of one day after August 28, 1998, the date the appellate court denied the first writ application, and March 26, 1999, the date the second writ application was filed, Gaudet's 28 U.S.C. § 2254 application filed on August 28, 2000 was untimely.

The record is manifest that Gaudet has not shown that he is entitled to equitable tolling during the time in which his application for rehearing was pending.[6] His motion for leave to file a supplemental brief is DENIED.  The judgment appealed is AFFIRMED.

---

[4]LA. SUP. CT. RULE X, § 5(a); Williams v. Cain, 217 F.3d 303, 309 (5th Cir. 2000).

[5]Id.; LA. UNIFORM R. CT. APP. 2-18.7; Y.F.B. v. R.D.R., 787 So. 2d 276 (La. 2001).

[6]Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999).